IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-10142-WEB |
| | ) | |
| MICHAEL L. WEBB, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**<u>Memorandum and Order</u>**

This matter came before the court on February 17, 2009 on the defendant's request for a downward variance and for sentencing. The court ruled orally on the request at the sentencing hearing. This written memorandum will supplement the court's oral ruling.

Defendant Michael Webb was charged in a three-count Indictment filed June 24, 2008. Count 1 charged that the defendant unlawfully possessed an unregistered sawed-off shotgun; Counts 2 and 3 charged him with being a previously convicted felon in unlawful possession of a firearm and ammunition which had been shipped in interstate commerce. The defendant was released on bond following his arraignment on September 3, 2008.

On December 2, 2008, the defendant appeared before the court and entered a plea of guilty to Count 1 of the Indictment. Under his plea agreement with the Government, the Government agreed to recommend a sentence at the low end of the advisory guideline range, while the defendant was free to ask for a lesser sentence.

A Presentence Report was subsequently prepared. Neither party has filed any objections to the Report. In the Report, the Probation Office determined that the defendant's base offense level was 26, as he was in possession of a firearm described in 26 U.S.C. § 5845(a) and he

committed the instant offense after sustaining felony convictions for both a crime of violence and a controlled substance offense.  PSR ¶20.  *See* USSG 2K2.1(a)(1).  A three-point reduction for acceptance of responsibility resulted in an adjusted offense level of 23.  The defendant had 19 criminal history points, placing him well into Category VI, the highest criminal history category.  The advisory guideline range for imprisonment for the defendant's offense is 92-115 months.

The defendant argues that the factors in 18 U.S.C. § 3553(a) warrant a sentence of probation.  Defendant notes that his offense occurred in July of 2007, although he was not charged until June of 2008.  Prior to being charged, the defendant voluntarily began drug treatment, and a letter from his counselor shows that the defendant has done well in drug treatment.  The defendant has also enrolled in technical school, and a letter from one of his instructors indicates that he has made good grades and has maintained perfect attendance.  Defendant's letters of support also include a letter from the Wellington Chief of Police, who states that he thinks the defendant is on the right track.  Defendant argues that his progress amounts to extraordinary post-offense rehabilitation and shows he has made genuine changes in his life.  He argues that prison would not do any good and would be detrimental to both his drug treatment efforts and his education.  Defendant argues that this was a victimless crime and that he is not a danger to society.

In imposing sentence, the court must first calculate the Guideline range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors in section 3553(a), explaining any variance from the Guideline range by referencing the statutory factors.  *Nelson v. United States*, 129 S.Ct. 890, 891-92 (2009).

Section 3553(a) provides in part that the court shall impose a sentence sufficient, but not greater than necessary, to comply with the following purposes:-the need for the sentence imposed-(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. In doing so, the court must consider the following factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the purposes of sentencing set forth above; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the offense under the applicable sentencing guidelines; (5) any pertinent policy statement issued by the Sentencing Commission (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

The court recognizes the defendant's substantial efforts at rehabilitation, which he began before being charged with the offense.  Those efforts persuade the court that a sentence below the advisory guideline range will be sufficient to achieve the purposes of sentencing.  But the nature and seriousness of the offense weigh in favor of a significant sentence, as the defendant's possession of a sawed-off shotgun and drugs shows that he engaged in highly dangerous conduct.  That no one was injured in the offense does not change the fact that he engaged in dangerous conduct with a significant potential for violence.   A significant sentence is also required to promote respect for the law and to provide adequate deterrence.  Although the

defendant's conduct on bond in this case been commendable, he has a history of failure on probation or parole over a ten-year period.  His history and characteristics show that a sentence of probation would not likely be successful.  The court finds that a significant sentence is also required to deter others from engaging in this type of conduct.   And, given the defendant's history (in the highest criminal history category), a sentence of probation is not justified and would result in an unwarranted sentencing disparity as compared to other offenders with similar records.  Taking into account all the factors in Section 3553(a), the court concludes that a sentence of 66 months' imprisonment, together with the other terms and conditions stated at the sentencing hearing, is sufficient but not greater than necessary to meet the purposes of sentencing.

_Conclusion_.

Defendant's request for a downward variance is GRANTED IN PART and DENIED IN PART to the extent stated above.

The court recommends to the Bureau of Prisons that the defendant be given access to any available educational opportunities.  The defendant's request for a stay of his voluntary surrender date is granted in part; the court orders that the defendant not be required to report to the designated BOP institution prior to March 14, 2009.

The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons.   IT IS SO ORDERED this   17th   Day of February, 2009, at Wichita, Ks.

s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge

4